UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALLEY FORGE RENAISSANCE, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. 1:09-cv-00131-TWP-MJD |
| ) | |
| GREYSTONE SERVICING ) | |
| CORPORATION, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER**

On July 5, 2011, the Magistrate Judge granted Plaintiff Valley Forge Renaissance, L.P. ("Valley Forge") leave to file an amended complaint adding a cause of action for alleged violations of the Indiana Uniform Securities Act. Defendant Greystone Servicing Corporation, Inc. ("Greystone") has objected to this order, arguing that the new count is futile because: (1) the operative statute of limitations has expired; (2) the election of remedies doctrine precludes the new claims; (3) the loan commitment at issue is not a "security"; and (4) Valley Forge cannot meet the heightened pleading requirements under Fed. R. Civ. P. 9(b). According to Greystone, any one of these arguments is fatal to Valley Forge's securities violations claim; therefore, the Court should set aside the Magistrate Judge's order granting leave to amend.

In the end, Greystone may be correct in terms of the fate of the new claim and one of the above arguments may ultimately prevail.[1] It appears that, going forward, Greystone will focus on argument (3). [Dkt. 102 at 30-35]. However, the context of the present motion is important. The Court is not undertaking a *de novo* review. Rather, the Court may only set aside the Magistrate

---

[1] The Court emphasizes that this statement is in no way meant to telegraph how it will rule on either party's summary judgment motion.

Judge's order if it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a).  Using the clear error standard, the Court sustains the objections "only if [it] is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).  Similarly, an order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *In re Fedex Ground Package Sys., Inc.*, 2009 WL 5217341, at *3 (N.D. Ind. Dec. 28, 2009).  Any way you slice it, these are deferential standards of review.

Employing either standard, the Court reaches the same result: Greystone's objections should be overruled because the Magistrate Judge's decision was not clearly erroneous or contrary to law.  And, as a practical matter, the Court finds that this issue is best settled through the summary judgment briefing, which has already begun in this case. A contrary decision needlessly risks "jumping the gun." Given the deferential standard of review and the fact that this issue is already being hashed out in dispositive motion briefing [Dkt. 100 and 102], the Court **OVERRULES** Greystone's objections to the Magistrate Judge's order [Dkt. 81].

SO ORDERED.    12/30/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com,cemerson@alerdingcastor.com,knewbold@alerdingcastor.com

Stephanie Snell Chaudhary
RILEY BENNETT & EGLOFF LLP
schaudhary@rbelaw.com

James W. Riley , Jr
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com,rmcclintic@rbelaw.com

Samuel J. Schmutte
ALERDING CASTOR, LLP
sschmutte@alerdingcastor.com,jmarks@alerdingcastor.com

Christopher C. T. Stephen
ALERDING CASTOR, LLP
cstephen@alerdingcastor.com,cemerson@alerdingcastor.com